# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

### No. 15-574V

### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
WARREN K. BAILEY,                    *         Special Master Corcoran
                                     *
                                     *
              Petitioner,            *         Filed: December 6, 2017
                                     *
      v.                             *         Decision; Attorney's Fees and Costs;
                                     *         Reasonable Hourly Rates; Inflation Rate;
                                     *         Time Expended; Travel Time; Vaccine
SECRETARY OF HEALTH AND              *         Program Research.
HUMAN SERVICES,                      *
                                     *
              Respondent.            *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Paul S. Dannenberg*, Huntington, VT, for Petitioner.

*Camille Michelle Collett*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART MOTION FOR FINAL AWARD OF ATTORNEY'S FEES AND COSTS [1]

On June 8, 2015, Warren K. Bailey filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that he

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of his September 20, 2013, receipt of the influenza vaccine. Petition dated June 8, 2015 (ECF No. 1).

After settlement discussions between the parties, Respondent filed a "Proffer on Award of Compensation" on March 21, 2017. *See* Proffer, dated March 21, 2017 (ECF No. 40). On March 23, 2017, the special master to whom the case had been originally assigned issued a Decision awarding Petitioner $125,000.00 in damages. Decision dated March 23, 2017 (ECF No. 41).

On September 6, 2017, Petitioner filed the present motion for attorney's fees and costs. Motion for Attorney Fees ("Fees App."), dated September 6, 2017 (ECF No. 46). Petitioner requests reimbursement in the total amount of $25,401.21 (representing $24,897.00 in attorney's fees and $504.21 in costs).[3] *Id.* at 3. In addition, in compliance with General Order No. 9, Petitioner has filed a signed statement indicating that he incurred an out-of-pocket expense in the amount of $400.00 (representing the court filing fee). *See* Fees App., Ex. 5. Respondent filed a document reacting to the fees request on September 12, 2017, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to the special master's discretion the determination of the amount to be awarded. ECF No. 47 at 2-3. The matter was subsequently reassigned to me. ECF No. 49.

## I.   Reasonable Hourly Rates

The Vaccine Act permits an award of reasonable attorney's fees and costs in cases where the Petitioner prevails. Section 15(e). Determining the appropriate amount of a fee award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fees award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the award on rates paid to similarly qualified attorneys in the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is known as the *Davis* exception to the forum rule, which applies if the bulk of the attorney's work was performed outside of Washington, DC, in a

---

[3] Petitioner requests $904.21 of total costs, which includes $400 of out-of-pocket costs for Petitioner for the court filing fee. Therefore, petitioner's attorney's costs are $504.21.

2

location where prevailing rates are substantially lower than the forum rate. *Avera*, 515 F.3d at 1349 (citing *Davis Cty. Solid Waste Mgmt.& Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests $265.00 per hour for work by his attorney, Mr. Paul Dannenberg, on the case in 2014, and $275.00 per hour for work performed from 2015 to the present. Fees App. at 3. Mr. Dannenberg practices in Huntington, Vermont. I have previously ruled that the average hourly rate in that location is substantially lower than forum rates, making the *Davis* exception applicable, and addressed what Mr. Dannenberg's proper rate should accordingly be. *See, e.g.*, *Dier v. Sec'y of Health & Human Servs.*, No. 15-571V, 2017 WL 1033677 at *2 (Fed. Cl. Spec. Mstr. Jan. 18, 2017) (finding Mr. Dannenberg should not receive forum rates because majority of his work is performed at his office in Huntington, Vermont); *Glaser v. Sec'y of Health & Human Servs.*, No. 06-764V, 2016 WL 4491493, at *7 (Fed. Cl. Spec. Mstr. June 6, 2016) (reducing Mr. Dannenberg's rates because he was not entitled to forum rates, and did not provide sufficient proof that he should receive forum rates), *vacated on other grounds*, 2016 WL 4483022 (June 29, 2016).

Petitioner asks that I reconsider the question of Mr. Dannenberg's proper rates, arguing that "it is a fallacy that vaccine program work is easier and does not require the same compensation rate as general tort litigation." Fees App. at 2. Petitioner further notes that "disregarding the affidavits from general tort practitioners[,]" as I did in *Glaser*, "is error[.]" *Id.* at 3. While I have previously rejected requests by Petitioner's counsel to reevaluate my prior rate determinations for Mr. Dannenberg, counsel's present argument appears to be somewhat different, so I will briefly consider it.

In *Glaser*, Mr. Dannenberg was awarded $238.00 per hour for work performed in 2016. Petitioner disagrees with part of my reasoning in *Glaser*, which found *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011) to be persuasive in declining to award Mr. Dannenberg a forum-equivalent rate.[4] In light of the relevant reasoning in *Hocraffer*, I noted that *Glaser* "provide[d] a good example why Vaccine Program litigation does not typically involve the same challenges as other federal actions (which is one of the many reasons that in-forum rates paid to attorneys in the Program can be lower than what they might otherwise be able to command for other kinds of litigation)." *Glaser*, 2016 WL 4491493, at *9.

---

[4] *Hocraffer*, 2011 WL 3705153, at *7-17 (awarding Mr. Dannenberg $200 per hour for work performed 2008 to 2010; special master noted that the affiant support offered to establish the higher requested rate for Mr. Dannenberg came from Vermont practitioners whose rates either undercut the petitioner's argument (because, for example, they were lower), or were attorneys whose practices had not been established to be equivalent to Vaccine Program work).

Petitioner now selectively cites language from various cases discussing the fact that Vaccine Program work is comparable to tort litigation. *See* Fees App. at 2-3. The Federal Circuit, however, has held that although Vaccine Act cases present complex medical theories and issues, the attorneys who practice in the Program are not faced with many of the same challenges and tasks that characterize complex litigation – tort or otherwise. *See, e.g.*, *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for review den'd*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381, 1385 (Fed. Cir. 2011) (Vaccine Act litigation is not analogous to "complex federal litigation," in part due to its relaxed legal standards of causation and informal proceedings); *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2009 WL 1838979 (Fed. Cl. Spec. Mstr. June 12, 2009), *aff'd*, 634 F.3d 1283 (Fed. Cir. 2011) ("attorneys' rate[s] should be appropriate for matters requiring similar skills," and distinguishing vaccine program work from litigation cases that involve persuading juries rather than a special master "who is relatively well-informed about the case").

Petitioner's present arguments are not persuasive or compelling enough to justify a higher hourly rate.[5] In fact, this case (which resulted in a proffer that was adopted in the Decision awarding damages, but did not require extensive attorney attention or practice), provides a good example why Vaccine Program litigation does not typically involve the same challenges as other federal actions. Thus, I am not persuaded by such arguments, and I will award the following rates consistent with those previously found to be reasonable for Mr. Dannenberg: $237.00 per hour for 2014 and 2015, and $238.00 per hour for 2016. *Glaser*, 2016 WL 4491493; *Dier*, 2017 WL 1033677.

In regard to Mr. Dannenberg's 2017 hourly rate, the special masters currently favor using the producer price index for the office of lawyers ("PPI-OL") as the rate inflator rather than the consumer price index. I will adjust rates for 2017 consistent with the PPI-OL. Thus, the 2017 rate for Mr. Dannenberg that I award herein is $244.00 per hour.[6]

---

[5] In support of the higher requested rates, Petitioner also offered affidavits from three other practicing attorneys in the same geographic location as Mr. Dannenberg. *See* Fees App., Ex. 2. However, I previously considered these same affidavits – which are identical to the previously-filed versions – in *Glaser* and *Dier*, and therefore they do not present new evidence supporting for raising Mr. Dannenberg's hourly rates. *See Glaser*, 2016 WL 4491493, at *3. *See also Dier*, 2017 WL 1033677, at *2.

[6] The special masters have found the PPI-OL to be a persuasive measure of inflation. *See OSM Attorneys' Forum Hourly Rate Fee Schedule 2017*, United States Court of Federal Claims, http://www.uscfc.uscourts.gov/node/2914 (last accessed Nov. 3, 2017). The PPI-OL rate for 2017 was derived by multiplying Mr. Dannenberg's 2016 rate, consistent with *Glaser* and *Dier*, of $238 by the PPI-OL index for January 2016 (201.8) and then dividing by the PPI-OL index for January 2015 (196.8), after rounding to the nearest dollar, the sum of the hourly rate for 2017 is $244.

## II.    Time Expended

I will award all time requested in this matter, with the exception of three task categories – travel time, research, and fees motion overbilling. First, I note that hours spent traveling on Vaccine Program cases are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). Mr. Dannenberg, however, billed 1.5 hours, at his 2014 rate of $237.00 per hour, for "driving to meeting" on March 21, 2015. Fees App., Ex. 3 at 1. Mr. Dannenberg's billing description does not reflect that he worked on the case during travel time. I find a reduction of $177.75 to be appropriate.[7]

Second, in regard to research, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *See Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910 at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Mr. Dannenberg, however, billed approximately 1.5 hours conducting such research, which is not compensable.[8] I find a reduction of $361.80 to be appropriate.

Finally, the time requested for preparation of the fees motion was unreasonable. Petitioner's fees application was rather simple, and did not warrant 4.8 hours of work. Petitioner's argument in support of reconsidering Mr. Dannenberg's rates is also rather short, consisting of just two paragraphs of direct quotes from other cases, or reattaching evidentiary support previously included, but rejected, in *Glaser* and *Dier*. And Petitioner's argument includes a short footnote quoting three cases. I will thus cut this amount in half and award only 2.4 hours for this task, resulting in a final reduction of $585.60.[9]

---

[7] The reduction amount of $177.75 reflects one-half of Mr. Dannenberg's 2014 rate for the amount of time billed for hours spent traveling, in other words, 1.5 hours multiplied by $118.50 equals a reduction of $177.75.

[8] *See generally* Fees. App., Ex. 3 at 3, 5, 8. Approximately 0.6 hours was billed in 2015 (totaling $142.20) for "[l]egal research, subpoena" on June 16, 2015 and again on June 25, 2015, as well as for "billing research" on November 17, 2015. Then approximately 0.9 hours was billed (totaling $219.60) for "[l]egal research, attorney fees" on February 9, 2017, "[l]egal research, settlement" on March 9, 2017, and "[l]egal research, election" on March 28, 2017. I note that these are just a few examples of billing entries in this fees request which reflect time billed for non-compensable research in the Vaccine Program.

[9] The reduction amount of $585.60 reflects one-half of Mr. Dannenberg's 2017 rate for the amount of time billed for preparing Petitioner's fees application, in other words, 2.4 hours multiplied by $244 equals a reduction of $585.60.

## III.    Reasonable Costs

Petitioner requests a total of $504.21 in attorney's costs. Fees App. at 3. Respondent has offered no specific objections to these costs, and upon review of the record I find that they are reasonable. I also award the $400.00 in expenses incurred exclusively by Warren K. Bailey.

## IV.    Total Award Summary[10]

Attorney Paul S. Dannenberg's Fees
| | |
|---|---|
| 2014-2015: 52.3 hours x $237.00 = $12,395.10 | |
| 2016: 26.5 hours x $238.00 | = $6,307.00 |
| 2017: 12.4 hours x $244.00 | = $3,025.60 |
| Traveling reduction | = ($177.75) |
| Research reduction | = ($361.80) |
| Fees application reduction | = ($585.60) |
| Total: | $20,602.55 |

Attorney Paul S. Dannenberg's Costs
Total:                    $504.21

Petitioner Warren K. Bailey's Costs
Total:                    $400.00

Accordingly, an award shall be made in the form of a check payable to Petitioner and his counsel, Mr. Paul Dannenberg, in the amount of **$21,106.76**, and a check for **$400.00** payable to Petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[11]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[10] Petitioner requests reimbursement of attorney's fees for a total of 88.9 hours worked by Mr. Dannenberg. Fees App. at 3. However, the billing ledger shows that Mr. Dannenberg worked a total of 91.2 hours in this case. *See* Fees App., Ex. 3 at 9.

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.